IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERTO VERGARA GONZALEZ,

Defendant.

4:18-CR-3133

TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 53.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 53) to the presentence report—specifically, to what is effectively a 6-level increase in the offense level as a result of applying the U.S.S.G. § 2B1.1(11)(A)(ii) enhancement for an offense that involved the "possession or use" of an "authentication feature" of an identification document.

The Court has discussed the requirements of that enhancement at some length. *See United States v. Rodriguez-Cisneros*, 916 F. Supp. 2d 932, 933-35 (D. Neb. 2013). The Court held that the enhancement applies to what might be called the "security features" of an identification document: that "the primary function of an 'authentication feature' within the meaning of § [2B1.1(11)(A)(ii)] should be its use by the issuing authority to

determine if an identification document is counterfeit, altered, or otherwise falsified." *Id*. at 935.

But whether the documents at issue in this case bore an "authentication feature" is not what the defendant is questioning. Instead, the defendant relies on a separate, recently amended provision: § 2B1.1(13), which increases the offense level to at least 12 when a defendant is convicted of violating 42 U.S.C. §§ 408(a), 1011(a), or 1383a(a), and the statutory maximum term of ten years' imprisonment applies. The defendant's argument, as the Court understands it, is that by imposing an offense level of at least 12 for a conviction under § 408(a) (one of the offenses to which the defendant pleaded guilty) when the statutory maximum of 10 years applies, the Sentencing Commission is suggesting that an enhancement to an offense level of at least 12 should *not* be imposed when the § 408(a) conviction has *less* than a 10-year maximum sentence. *See* filing 53 at 2-3.

But the two subsections have nothing to do with one another—and the best indication of when the Sentencing Commission meant § 2B1.1(11)(A)(ii) to apply, is § 2B1.1(11)(A)(ii) itself. These two subsections of § 2B1.1 provide enhancements to the offense level for two separate types of aggravating offense conduct: one enhancement for forged authentication features, and one for the sort of fraud offenses that raise the statutory maximum under § 408(a) to ten years' imprisonment. There's no reason one enhancement can't apply when the evidence supports it, even if the other doesn't.

The Court will determine at sentencing whether the evidence supports imposing the § 2B1.1(11)(A)(ii) enhancement. *See United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016). But for the reasons explained above, the Court's *tentative* finding is that the defendant's objection is without merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 11th day of February, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge